Case number 17-1272 et al. Paralyzed Veterans of America et al. Petitioners v. United States Department of Transportation et al. Ms. Jones for the petitioners, Ms. Heifetz for the respondents. Good morning. Good morning, your honors, and may it please the court. Your honors, before this case, before this court today is a rare and unprecedented case. Here the department has cited three statutes in its rule. Now one of the statutes, 329, absolutely authorizes the rule and takes the case within the district court's jurisdiction. The other two, however, although Part A had absolutely nothing to do with the rule, as has been made clear by the department in its public rulemaking where it calls citations of these Part A statutes an error. Accordingly, there is simply nothing in the delay rule that triggered 46110 jurisdiction in this court. But even if your honors disagree with me on that point, PVA's position that this belonged in district court, and thus that there was no 60-day time limit, is eminently reasonable in light of the agency's error. The agency cited the wrong statutes, and in so doing created immense amount of confusion, and in this rare case that confusion should allow this court to grant reasonable grounds for the late filing. In the American Petroleum Institute case, right, we had a circumstance where we looked at, we looked beyond the regulation itself, the citation of authority and the regulation itself, right. We looked at the course of conduct of the agency, and we said, you know, look, everyone knows that they're actually, I think it was 15D, that they're actually acting pursuant to 15D. Let's let common sense prevail here. That's what they were acting under. In that case, that didn't allow for direct review. Isn't that what the district court has done here? Isn't the district court saying, look, everyone knows the Department of Transportation made a mistake here. They clearly had authority. Had they cited 41-708 or 41-709, I think you agree, then we're in direct review land. They had authority to do that. They just made a mistake. They messed up. But everyone recognized that. Let's treat it for what it is and act accordingly. Isn't that within what API, the American Petroleum Institute case is teaching us how we ought to approach this? Your Honor, I don't think so. First of all, in API, this court didn't look beyond what was at least referenced in the rule to sort of search out other statutes that might possibly have applied. The regulation cited Section 15. Only certain subparts of Section 15 came within the direct review provision, and so the court looked behind Section 15 to figure out what part of it actually applied. But it's not as though this court went searching for an entirely different statute that supported the rule. And, Your Honor, it's a principle of administrative law that agencies cannot provide post hoc rationalizations. That's exactly what the agency is trying to do here. Hang on a minute. There's another line of authority, Supreme Court cases, cases from this circuit, cases from every circuit, that says when a plaintiff files a complaint, the federal rules require one section of the complaint to state the jurisdictional basis for the complaint. And time after time, plaintiffs mess that up. They say in 1983 cases, instead of citing the jurisdictional prerequisite, which is 1343.3, they cite 1983, which is not a jurisdiction. And the Supreme Court over and over again in our court says it doesn't matter that if we know, if we see general federal question jurisdiction or diversity jurisdiction, they haven't named it, the case can go forward. And that makes perfect sense for the reasons that Judge Griffith just mentioned, but also because this is a jurisdictional question, and the court is supposed to be acting sua sponte with respect to a jurisdictional question. So why isn't that line of cases under 8A1 of the Federal Rules of Civil Procedure, which dates back to the last century, a perfect analogy here? Well, Your Honor, when jurisdiction, even in cases not like this one, when jurisdiction is based on certain facts existing in the world, courts do require plaintiffs to plead those facts. Imagine, for example, if a plaintiff were to file a case in federal court attempting to invoke the court's diversity jurisdiction, and they didn't sue the right party that has complete diversity, even if everyone agrees that there's a party out there that would be completely diverse and that they could bring the cause of action against, it's not as though the court says, well, we know you could have sued the right party, so we'll just let the case go forward. Instead, the court requires the plaintiff to either amend or move. Well, that reminds me of another doctrine that goes back to the 1800s. There's a case called Strobis v. Curtis. It was a diversity case. And that case stood for the proposition that jurisdiction can't be waived, right? So in other words, but under your submission, if an agency says to itself, we don't want this case in the Court of Appeals, let's just shove it into the district court, and they come up with a very remote statute in the rulemaking in the Federal Register that avoids the direct review in the Court of Appeals, so what they've done is waive direct review. You can't do that. Yes, Your Honor, but I think that what's important to note from this Court's line of cases is that this Court has never allowed an agency to point to extraneous authority. It's taken the agency at its word. And, you know, to the extent that a case or a regulation could cite, for example, 329, that would bring the case within the district court's jurisdiction,  that's a fraction that's made by Congress. But still, over and over again, courts look only to what the department cites in its rule to determine whether jurisdiction was triggered. Well, you want it in the district court, right? Your Honor, yes. And the reason you want it in the district court is otherwise you're out of time because in the Court of Appeals you had to file your petition within 60 days. So that's the problem you have, and that's why you want it in the district court, right? Your Honor, PVA's position all along has been that this belonged in the district court because if you look at the face of the delay rule, there is simply nothing that triggers 46110 jurisdiction. 47108 and 47109 were not cited, and this Court cannot look to those as a result. Do you agree that an agency, in this case the Department of Transportation, could have simply by the way they cited authority in the extension rule have chosen the forum in which a challenge would be brought? I mean, in other words, if they had relied exclusively on 329, right, then that would require jurisdiction in one place. If they had done it in 41708, it would have allowed for direct review. Because there are overlapping authorities here, right? There are various provisions that could have been used, some in Part A, some not in Part A. Has Congress given an agency that sort of authority that they can decide simply by which regulation they're going to invoke, whether there's direct review or not? Your Honor, I don't know that Congress has specifically spoken to that, but certainly Congress has. That's the result? That's, I think, the result, yes. Doesn't that seem odd? Doesn't that seem odd? I don't think so, Your Honor. Plaintiffs are always given the choice whether they sue in State court or Federal court when they have a State law claim. I mean, it is not uncommon in the Federal court system that parties are given some amount of choice so long as they cite to the court or cite to the public the facts that would invoke a particular jurisdiction statute. There's another principle at stake here, too. I mean, when you seek judicial review of the regulation, you're seeking it under Section 706 of the APA, correct? Yes, Your Honor. The last sentence of 706 of the APA encapsulates the harmless error rule. And so why isn't it a harmless error if the agency neglects to put in the correct citation to a jurisdictional statute? And why doesn't 706 excuse that failure? Your Honor, I think to the extent that there's an error here, that error should be borne by the Federal government. We think that it's right for this Court to expect that Federal agencies act with due care when putting out regulations and choosing the statutory authority that they are asking for. But it is harmless, isn't it? I don't think it's harmless, Your Honor. It's not harmless because PVA was under the law. The consequence is we send it back to the agency or the district court sends it back to the agency and they put in 4170, whatever it is, and then it comes back. But it's the same rule and it's the same preamble and it's the same rulemaking. So why isn't that harmless error? I think it's a classic case of harmless error, isn't it? Your Honor, I think to the extent you're thinking about harmless error and the fact that this could go back to the agency for some sort of correction, that would be only if we raised a merits argument that this wasn't authorized, which we have not done. This is about where the case belongs and whether a 60-day time limit was applicable or not. And I do think that in a case where there is an error, that error should be borne by the Federal Government, not the general public. The general public — Suppose they had cited nothing. I'm sorry? Suppose they had cited no statute. If they had cited no statute, Your Honor, then I think that this Court's default rule that cases go first to the district court would apply. This Court has been very clear that as the default rule, it's only overcome when there's a showing that a special review provision applies. If there's nothing cited to indicate that a special review provision applies, then I think it would go to the district court. Well, what is there to indicate that belongs in this Court is the nature of the dispute, which is obvious. I mean, it's hard to miss. Well, Section 329 is there, and Section 329 on its face authorizes what this rule did. 41701 and 41101, as the government has made clear, were cited in error, and they simply don't apply. Your Honor, I see that I'm out of time, and unless Your Honor has further questions, I will sit down. We'll give you back a couple minutes. Thank you very much. Thank you. Good morning. May it please the Court, Samantha Heifetz for the Department of Transportation. The district court here got it right in transferring the case. Jurisdiction is proper here because, as the Court has noted, this is clearly the type of dispute, the type of case that Congress, in enacting 46110, was directing to this Court's jurisdiction. And National Federation of the Blind tells us that if there was any confusion or uncertainty about where to file, that this Court's precedents direct that to Congress. The parties should have filed here within 60 days. They could proceed concurrently filing in both courts if they wish to do so. And their district court papers make clear that this wasn't a case in which there was real confusion about the relevance of Part A. And that's in two respects. First, their district court papers acknowledge that they were aware that the court was reporting to proceed under Part A. That's a J61. But when the regulation is issued and the Department of Transportation cites the authorities that it does, what's the public supposed to think? You cited various authorities. And from those authorities, it looks like it's supposed to go to the district court. I don't think that's right, Your Honor. 46110 says that if the agency's order, hero rule, is in whole or in part, even just in part under Part A, they need to come here. So even if we just look on the face of what was promulgated, two of the provisions Which ones? 41101 and 41701 came from Part A. And I want to direct the Court's attention to 41701. They came from Part A, but they don't have anything to do with this. Well, I'm not sure that that's right, Your Honor. I just want to step back. 41101 is a requirement for a certificate before operating an aircraft. What does that have to do with the agency? I think 41701 is where I would direct the Court's attention. Classification of air carriers? That's right. So 41701 is the very first provision within Chapter 417. And it's the first provision of a subsection that includes Sections 41708 and 41709. And it's a much more general provision. And that provision authorizes the agency to impose requirements on various classes of air carriers. This rule imposes requirements on classes of air carriers. It requires air carriers who meet certain requirements to engage in tracking of various pieces of information. Historically, as we note in our brief, 41701, just as a matter of background, basically said this is a provision that authorizes DOT to promulgate any rules and regulations necessary to implement other provisions of this subchapter, and that includes 41708 and 41709. But in the district court, what did you say about 41708? What did you say in the district court about 41708? We certainly think that, as we have said in our rulemaking, that it was quoted in error, that there's better authority, that 41708 and 41709 are the undisputed pertinent sources here. What did you say about 701 before the district court? Very little. We didn't make an argument about it. So? But here's the case. Did you maybe forfeit that argument? I don't think so, Your Honor, because the case has been transferred, so I'm not sure that we would be bound by arguments made or not made there. But my point was only in using it in response to your question to explain why I think that somebody looking at the face of the rule would still be expected. If you're looking here, let's just step back and appreciate what the petitioners were looking at, as the rest of the public would have been. You're looking at a rule where there's been a long history that this regulation has always cited to Part A provisions, namely 41708 and 41709. A change occurs, but still Part A provisions are being cited. The petitioners' district court papers made clear that they understood. They cited in their complaint in district court at the outset of the litigation that 41708 and 41709 provided the relevant statutory authority for the regulation that's at issue here and for amendments to that regulation, which is what is directly at issue here. And they also acknowledged that based on what was written in the rule, including the citation to 1.27n, they understood that the agency was purporting to act under Part A. So this is not a case where there was confusion, which is why their briefs did not argue that the lack of timeliness was the result of having been misled. Moreover, that kind of argumentation would be foreclosed by this Court's precedence, by decisions like National Federation of the Blind. And here, this really is a situation where the district court was right. It's out of time, and the argument that they've made about timeliness is limited to this notion that the efforts that they were engaged in in asking Congress to change the situation by emailing and calling the agency, that that's official. The government hasn't defended the extension rule, right? I mean, there's serious problems with the rule. There's no notice of comment, and you all haven't even defended that. So the extension rule goes to January 2019. The rule will take effect then. We have not put forward a merits argument because we recognize that the record here doesn't allow us to determine whether or not exceptions to notice and comment and to make an argument about whether the exceptions to notice and comment are appropriate. And so that's why we ask for a remand. But you conceded that if it went back to the district court, summary judgment should be entered for the plaintiffs. Is that not right? That's right. That seems to me a concession that there's some significant legal problems with the rule itself, right? If the court were to reach the merits, that's right. But, again, we think that this is a case where it's time. So this is an odd sort of position for the government to be in. It seems to me the government has conceded that the extension rule was unlawful, was not promulgated in a proper way. But now we're only arguing which. We haven't made an argument on the merits. And what we've said, I think, is that we've looked at the record here. There are various circumstances, as the Petitioners acknowledged, where you can proceed, an agency may proceed, without going through notice and comment. The question is whether this fits into one of those categories or whether it could. And we think that remand is the appropriate course to determine that. Didn't you just tell me that if it was in the district court that you would say summary judgment should be entered for the plaintiffs? For that reason. That's an acknowledgment. Because we hadn't made an argument. That's right. Yeah, that's an acknowledgment that the extension rule is unlawful. It arose, I believe, an argument where the counsel acknowledged that no argument had been made and therefore, de facto, summary judgment should be entered. Did it ever cross anyone's mind in the government to simply say we made a mistake and we're going to now have appropriate notice and comment? We're here wasting time in court. You know this error. You'd have to be time cheap to suggest otherwise, Judge Griffiths has said. Why didn't you just do it correctly? The agency has been using this time to work with the airlines to get them in a position to do this reporting. So just to provide some background about what the rule at issue does, it is a substantial change to the way in which baggage handling metrics are gathered and reported, and it affects not just mobility aids but all luggage that's checked. That's not my question. My question is why didn't you just say you're right, we made a mistake, and notice and comment is appropriate, so all affected parties will have an opportunity to weigh in. We'll now do it. Our view is that if there was a timely challenge that was brought, that kind of notice to the agency would have undertaken it. Can't the government just do what's right because it's right, not because it's pursuant to a timely challenge? We're just wasting time. You're wasting time in court. There are merits issues. Why are we wasting this time? Well, that's why I, Your Honor, wanted to make sure the court is aware that the agency has not been wasting time insofar as the agency has been using this time to ensure that the airlines are able to comply, not for notice or comment, Your Honor. That's what we're talking about. I understand that, Your Honor. I mean, I've seen this over many years when it does happen, and it's perplexing every time it does because there's another approach, and you are the government after all, and why couldn't you say we made a mistake, so let's have notice and comment. And, indeed, we might get something useful from it. The January 1, 2019, it's over then, right? We get the new rule. The new rule is in effect then. It will be in effect then. Absolutely, Your Honor. Thank you very much for your time. Thank you very much. Give you back two minutes for rebuttal. Thank you, Your Honor. I just want to make a couple very quick points. First of all, the agency did disclaim the 41701 argument, and that's at page 94. On January 1, 2019, which is, what, four or five months away, the rule goes into effect, right? Yes, Your Honor. So we're here, you know, it normally takes us a while to get opinions done, and if it's me, it takes a long while to get an opinion done, and for what? It's January 1. You're going to get exactly what you want. Now, one could argue that the government's litigation strategy has denied you what maybe you were entitled to earlier before, but we're right now in September of 2018. We're a couple of months away from the resolution of this matter. Your Honor, the reporting data in this case is vital, as the department found in its original rulemaking. It's vital to ensuring that travel is accessible for all passengers. If we were to side with you, just the way the clock runs, if we were to side with you, let's say it goes back to the district court in six weeks or a month or a month, then you're back in the district court in a month. You've got to schedule hearings there, they're busy there, and maybe you'd get relief in the beginning of December. And then you're only four weeks away from getting what you really want. Why are we here? Your Honor, first I'd like to make just a couple quick points. First of all, I think any additional day early that this reporting data is made available is important to paralyzed veterans of America. And secondly, I would say— Is one month important? I think that that is important, especially given that that would be the holiday season when travel is going to be up. Absolutely, one month is important. But second, I would point out, Your Honor, that courts have often held that even if an effective date, even if there's a challenge like this and a compliance date passes, a statement from the court that what happened was unlawful is important. And you have to understand that A4A, the lobbyist group that sought this delay, has now made a comment to the agency asking them to completely repeal this reporting requirement. And I think that a statement from this court that what happened here was unlawful might encourage or might discourage the department from proceeding as it did before. I'd like to make a point about reasonable grounds. Thank you very much, Your Honor. Even if Your Honors disagree that this case was appropriate in the district court, the petitioners are still due a remedy. Congress has made clear that in certain limited cases, reasonable grounds excuse a late-filed petition. Now, of course, Your Honors, this circuit generally looks at whether there's some sort of agency-created confusion that wells the public. But I think that absolutely has happened here when you have an agency citing the wrong statutes and then trying to come before the court and say, never mind, wait. Your friend said that earlier in your pleadings you acknowledged that there was authority under 708 and 709 to do so. So how do you respond to her point that there's no confusion on the part of your client? Your Honor, first of all, yes, we did cite 41708 and 41709 in our complaint. We were aware of it when we filed the complaint. PVA was not represented by anyone during the 60-day period. It wasn't until after the 60-day period that they sought counsel. And I think so as a matter of as a member of the general public, they should not be required to go searching through the U.S. Code to find other statutes that might apply. Refreshingly, I don't recall that argument, the argument you just laid, which is a good argument. Was that in your brief? Yes, Your Honor. It's towards the end of our reply brief. We make the argument and we distinguish the cases where this Court has held that confusion is not a sufficient ground. In all of those cases But it wasn't in your topside brief. I think we do reference it in our opening brief, but we certainly give it more space in the reply brief. Yes, Your Honor. In the cases that hold that confusion isn't an excuse, in those cases there simply isn't the agency error that there is in this case. So recognizing that it's a limited exception, we would employ this Court to apply it here, where the agency has made such an egregious error, has acted unlawfully as they conceived. What do you envision? If you were to prevail, what do you envision happening? I think What is your best case scenario? So here's what's going to happen in your mind. What is that? It goes back to the District Court. First of all, Griffith doesn't write. It gets out quickly. It just goes back later. Well, Your Honors, I think whether the case belongs here or in the District Court, the government has conceded the merits, and so petitioners are due a win, whether that's the summary judgment grant or the grant of the petition for review. And in that case, we have argued that the rule should be vacated, given the egregiousness of the error. In addition, the industry would not be greatly affected. As Your Honors note, they should be working diligently towards the The rule should be vacated. Which rule are you talking about? The delay rule should be vacated, bottom deadline. And then the agency has prosecutorial discretion whether to enforce it or not. And if the airlines are not prepared for an immediate reporting, the agency might well say, well, we'll give you a break until January 1st, and you're right back where you started. Your Honor, 14 CFR 234.12 does give the agency the ability to grant waivers to individual airlines, but only on a showing of cause. And so we do think that it is important that the general rule is that this reporting requirement is in effect. And to the extent that the agency wants to work with individual airlines, of course they have the authority to do that. They have the authority to do that after 2019, for that matter. Your Honor, I don't think that has any effect on the remedy the petitioners are due here as a legal matter. Well, I guess the argument for cause would be we thought you passed a proper rule giving us an extension until January 1st. That could be their argument, yes. But, again, I think any day that this is – I see that I'm far over, and I will sit down. Thank you very much. Thank you very much. The case is submitted.
judges: Griffith, Edwards, Randolph